# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TINA TERRITA, ET AL.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No. 11-1830** |
| **KEVIN A. OLIVER, ET AL.,**<br>    **Defendants** | **SECTION "E"** |

## ORDER AND REASONS

Before the Court are several motions filed by plaintiffs, Tina and Michael Territa (the "Territas") and by intervenor plaintiff Michelle Robert ("Robert").

## BACKGROUND

This litigation began as a personal injury suit initiated in state court by the Territas, who are both citizens of Louisiana. The Territas initially were represented by Robert, who is also a citizen of Louisiana. On July 28, 2011, the Territas' suit was removed to this Court by defendant Environmental Restoration, LLC.[1] This Court had original jurisdiction over the suit because complete diversity existed between the Territas and the defendants, satisfying the requirements of 28 U.S.C. § 1332.[2]

After the case was removed, the Territas terminated Robert as their counsel and retained new counsel. On August 2, 2012, Robert filed a complaint in intervention seeking to recover compensation owed to her for representing Territas.[3] Robert claimed she had a

---

[1] R. Doc. 1

[2] R. Doc. 1. The Territas are both citizens of Louisiana. Defendant Kevin Oliver is a Florida domiciliary. Defendant Environmental Restoration LLC has ten members who are citizens of Missouri and Illinois. Defendant Commerce and Industry Insurance Company is a New York corporation with its principal place of business in New York. Defendant American International Insurance is a New York corporation with its principal place of business in New York. Defendant Allstate Insurance is an Illinois corporation with its principal place of business in Illinois. Therefore, the Territas do not share citizenship with any of the defendants.

[3] R. Doc. 44.

contingency fee agreement with the Territas, and she was owed a portion of the amount recovered by the Territas in the principal lawsuit.[4] In a pretrial conference held on March 21, 2013, this Court ordered Robert's claim in intervention be severed from the trial of the principal lawsuit between the Territas and the defendants.[5]

On May 24, 2013, after having been advised that the Territas had settled the principal lawsuit, this Court dismissed the action "as to all parties, without costs and without prejudice to the right, upon good cause shown, within ninety days, to reopen the action if settlement is not consummated. In addition, the Court specifically retains jurisdiction to enforce the settlement agreement if the settlement is not consummated within ninety days."[6] Even after the settlement, Robert's intervention for attorneys' fees remained. The Territas filed a motion to dismiss Robert's claims against them for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).[7] Robert filed a motion to reopen the action in order to litigate her claim in intervention against the Territas.[8] In response, the Territas filed a motion to strike Robert's motion to reopen the case.[9] Robert then filed an amended complaint in intervention, clarifying the jurisdictional ground for her intervention and highlighting the citizenship of the original diverse defendants.[10] Robert also filed an *ex parte* motion to dismiss her claims against the original

---

[4]R. Doc. 44.

[5]R. Doc. 92.

[6]R. Doc. 167.

[7]R. Doc. 173.

[8]R. Doc. 184.

[9]R. Doc. 187.

[10]R. Doc. 190.

defendants because Robert had reached a settlement with them.[11] The Court will address the pending motions in the order in which they were filed.

## LAW AND ANALYSIS

### A. The Territas Motion to Dismiss for Lack of Subject Matter Jurisdiction

The Court must first determine whether it has subject matter jurisdiction over Robert's claim in intervention before deciding any of the other pending motions in the case. *See Danca v. Private Health Care Sys.*, 185 F.3d 1, 4 (1st Cir. 1999) (subject matter jurisdiction is a "threshold" issue). In examining whether the Court has subject matter jurisdiction over Robert's intervenor complaint, we must first determine whether Robert's claim in intervention is a separate action, or if it remained part of the original suit filed by the Territas against the defendants.

Robert's claim in intervention was severed from the trial of the principal suit between the Territas and the defendants on March 21, 2013.[12] Under the Federal Rules of Civil Procedure, there are two varieties of severance - Rule 21 and Rule 42. Under Rule 21, "the court may sever any claim against a party." FED R. CIV. P. 21. A Rule 21 severance creates "entirely independent actions to be tried, and judgment entered thereon, independently." 7 CHARLES A WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1689 (3d ed. 2013); *see Louisiana v. Am. Nat'l Prop. & Cas. Co.*, 2013 LEXIS 129818 (E.D. La. Sept. 10, 2013). An action severed under Rule 21 "must have an independent jurisdictional basis." *Honeywell v. Phillips Co.*, 415 F.3d 429, 431 (5th Cir. 2005).

Rule 42(b) states "the court may order separate trials of one or more separate issues,

---

[11] R. Doc. 198.

[12] R. Doc. 92.

claims, crossclaims, or third-party claims" for "convenience, to avoid prejudice, or to expedite and economize." FED R. CIV. P. 42(b). A Rule 42 order of separate trials does not result in filing of separate cases, but simply leads to two or more separate factual inquiries in the context of a single case. *See United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983). Although Rule 42(b) technically provides for "separate trials," courts often characterize the separation of trials as "severance" under Rule 42. *See Spencer, White & Prentis, Inc. v. Pfizer, Inc.*, 498 F.2d 358, 361 (2d Cir. 1974). More importantly, a claim separated under Rule 42 does not require an independent jurisdictional ground. In this Court's March 21, 2013 order, Robert's intervenor complaint was separated from the *trial* of the principal lawsuit. The court ordered separate trials under Rule 42(b), rather than creating an independent severed action under Rule 21. As a result, Robert need not prove an independent jurisdictional ground for her intervenor complaint against the Territas.

Because Robert and the Territas are citizens of Louisiana, Robert's complaint in intervention does not meet the jurisdictional requirements of § 1332. However, supplemental jurisdiction extends to certain claims that are so related to a claim in an action within the court's jurisdiction that they form part of the same case or controversy. The critical question is whether supplemental jurisdiction exists under 28 U.S.C. § 1367 over Robert's claim in intervention against the Territas.

Section 1367(a) and (b) provide as follows:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve joinder or

> intervention of additional parties.
>
> (b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367.

Because this Court had original jurisdiction over the principal action under section 1332, and Robert's intervention was brought under Rule 24, section 1367(b) instructs the Court to examine whether Robert's claim in intervention would be inconsistent with the jurisdictional requirements of section 1332. Robert, a Louisiana citizen, has a claim in intervention to recover amounts out of the Territas' recovery in the principal lawsuit. Robert is diverse from the original defendants, but she is not diverse from the Territas, who are also Louisiana citizens. In determining whether Robert's claim in intervention defeats the complete diversity requirement, an analysis of whether Robert is classified as a plaintiff or defendant is of critical significance.

In Robert's opposition to the Territas' motion to dismiss, Robert aligns herself with the plaintiffs in the principal suit, arguing her presence does not defeat complete diversity because she is diverse from the defendants.[13] In ascertaining the proper alignment of parties, courts must "look beyond the pleadings, and arrange the parties according to their sides in the dispute." *City of Indianapolis v. Chase Nat'l Bank of City of N.Y.*, 314 U.S. 63,

---

[13] R. Doc. 195.

69 (1941). In the Fifth Circuit, "[t]he generally accepted test of proper alignment is whether the parties with the same 'ultimate interests' in the outcome of the action are on the same side." *Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1178 (5th Cir. 1984).

The "ultimate interests" of Robert align her with the plaintiffs. When Robert intervened, she sought a portion of the Territas' total recovery. Although Robert may eventually recover this amount from the Territas, her recovery is based upon amounts recovered from the defendants. Therefore, Robert and the Territas had the same "ultimate interests" in recovering as much as possible from the defendants, and Robert is properly characterized as a plaintiff-intervenor.

This finding is consistent with Fifth Circuit jurisprudence. In *Griffin v. Lee*, the court aligned an intervening attorney seeking to recover attorneys' fees from the plaintiff as a plaintiff. 621 F.3d 380, 388 (5th Cir. 2010). The Court in *Griffin* found that it was appropriate to align the intervening attorney as a plaintiff with a claim against the co-plaintiff as to the amount of attorneys' fees owed. *Id.* The Fifth Circuit found the court did not have subject matter jurisdiction over the intervenor's complaint in *Griffin* but only because the intervenor *was not diverse* from the defendants, and therefore his presence as a co-plaintiff was not consistent with the jurisdictional requirements of section 1332. *Id.* Intervenor Robert *is diverse* from the defendants, and under *Griffin* the Court has jurisdiction.

The Territas' motion to dismiss does not address whether or not Robert's claim in intervention exceeds the amount in controversy requirement of section 1332. The Supreme Court has interpreted section 1367 to permit the exercise of diversity jurisdiction over

6

claims forming a part of the same case or controversy, even if those claims are for less than the jurisdictional minimum, provided that at least one claim satisfies the amount-in-controversy requirement and the citizenship elements of diversity are met. *See Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 549 (2005). Because the Territas' original claim against the defendants met the $75,000 jurisdictional threshold, Robert's claim in intervention need not meet the amount in controversy requirement.

Accordingly, having found that this Court has subject matter jurisdiction over Robert's intervenor complaint against the Territas, **IT IS ORDERED** that the Territas' Motion to Dismiss is **DENIED.**

### B. Robert's Motion to Reopen the Action

Robert filed a motion to reopen the action in order to litigate her claims against the Territas after the principal lawsuit had settled.[14] On March 24, 2013, having been advised by counsel for all parties that the case had settled, this Court dismissed the action as to all parties without prejudice.[15] The Court also retained jurisdiction to reopen the action if settlement was not consummated or to enforce the settlement agreement between the Territas and the defendants.[16] The settlement agreement has not been consummated as to all parties. **IT IS ORDERED** that Robert's motion to reopen the action is **GRANTED**.[17]

### C. Robert's *Ex Parte* Motion to Dismiss

On September 21, 2013, Robert filed an *ex parte* motion to dismiss the original

---

[14] R. Doc. 184.

[15] R. Doc. 167.

[16] R. Doc. 167.

[17] The Territas also filed a motion to strike Robert's motion to reopen the action (Doc. 187). Because Robert's Motion to Reopen the Action is granted, the Territas Motion to Strike is **DENIED**.

defendants in the principal lawsuit, indicating that a settlement agreement had been reached between her and them.[18] **IT IS ORDERED** that Robert's *ex parte* motion to dismiss the original defendants from her claim in intervention is **GRANTED**.

The dismissal of these defendants does not alter the Court's jurisdiction over Robert's intervention. Although these defendants provided the grounds for original diversity jurisdiction, the Court is not divested of jurisdiction merely because they have been dismissed from the case. Generally, jurisdiction is determined at the time the suit is filed. *Mobil Oil Corp. v. Kelley*, 493 F.2d 784, 486 (5th Cir. 1974). In a removed case, diversity must exist both when the state suit is field and when the petition for removal is filed. *See Pullman v. Jenkins*, 305 U.S. 534, 540-541 (1939).

In *Griffin v. Lee*, the defendants upon whose citizenship diversity jurisdiction was based also had been dismissed from the case before the court analyzed whether it had subject matter jurisdiction over the intervention. 621 F.3d at 383. The court in *Griffin* examined the citizenship of the parties at the time the case was removed and did not find the post-removal dismissal of the defendants to have any bearing on the question of diversity jurisdiction. *See id.* Similarly, the settlement and dismissal between the Territas and the original defendants does not divest this Court of supplemental jurisdiction because diversity existed at the time the state suit was filed and when the case was removed.

## CONCLUSION

Therefore, **IT IS ORDERED** that the Territas' motion to dismiss is **DENIED**, Robert's motion to reopen the action is **GRANTED**, the Territas motion to strike is

---

[18]The defendants are Kevin Oliver, Environmental Restoration LLC, Commerce and Industry Insurance Company, American International Specialty Lines Insurance Company, and Allstate Property and Casualty Insurance Company.

**DENIED**, and Robert's *ex parte* motion to dismiss the original defendants is **GRANTED**.

The Court's case manager will contact the parties to arrange a scheduling conference.

**New Orleans, Louisiana, this __7th__ day of October, 2013.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**