# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TINA TERRITA, ET AL.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No. 11-1830** |
| **KEVIN A. OLIVER, ET AL.,**<br>    **Defendants** | **SECTION "E"** |

## ORDER AND REASONS

Before the Court is a Motion for Review of Magistrate Judge's Order filed by plaintiff-in-intervention, Michelle Robert ("Robert").[1] Defendants-in-intervention, Michael Territa and Tina Territa (the "Territas") oppose Robert's motion.[2] Robert filed a reply in response to the Territas' opposition.[3]

## BACKGROUND

On October 15, 2013, the Territas' filed a Motion to Quash depositions scheduled for October 23, 2013.[4] The Territas' motion was set for oral hearing on November 13, 2013 before Magistrate Judge Knowles. At the November 13, 2013 oral hearing, Judge Knowles granted the Territas' motion in part, and ordered the parties to meet and confer to select mutually-agreeable dates for the depositions at issue.[5] Judge Knowles further ordered Robert's deposition to be taken first, citing the Court's broad discretion in regulating discovery and the custom of the Court to order the depositions of the party whose

---

[1] R. Doc. 239.

[2] R. Doc. 244.

[3] R. Doc. 250.

[4] R. Doc. 227.

[5] R. Doc. 236, p. 1.

allegations began the lawsuit first.[6]

Robert moves for review of Magistrate Judge Knowles' November 13, 2013 order, asking this Court to set it aside, deny the Territas' motion to quash, award reasonable attorneys' fees to Robert for having to respond to the motion, and to reverse Magistrate Judge Knowles' order requiring Robert to be deposed before the Territas.[7]

## LAW AND ANALYSIS

Robert seeks review of the Magistrate Judge's ruling based on Federal Rule of Civil Procedure 72(a). If a party disagrees with a Magistrate Judge's ruling, the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); LR 72.2. As another section of this Court summarized:

> Under this standard, factual findings are reviewed for clear error, which is present when the reviewing court upon examination of the entire evidence is left with the definite and firm conviction that a mistake has been committed. Conclusions of law should be overturned when the magistrate fails to apply or misapplies relevant statutes, case law or rules of procedure. For issues that are committed by law to a judge's discretion, such as the resolution of discovery disputes, the magistrate's rulings are reviewed for abuse of discretion.

*Kiln Underwriting Ltd. v. Jesuit High Sch. of New Orleans*, 2008 U.S. Dist. LEXIS 86286 (E.D. La. Oct. 24, 2008)(Berrigan, J)(citations and quotation marks omitted).

Robert argues Magistrate Judge Knowles committed legal error because the proper vehicle for the Territas' Motion to Quash was a motion for a protective order under Rule 26(c), and Magistrate Judge Knowles failed to take into account the considerations

---

[6] R. Doc. 236, p. 2.

[7] R. Doc. 239.

necessary to resolve a motion for a protective order. Despite Robert's attempts to frame the Territas' motion as one for a protective order, it was filed as a motion to quash.[8]

Having reviewed the record, the Magistrate Judge's order, and the parties' memoranda, the Court does not find any legal error. Robert has not shown the Magistrate Judge "fail[ed] to apply or missappl[ied] any relevant statutes, case law or rules of procedure." *Kiln Underwriting Ltd. v. Jesuit High Sch. of New Orleans*, 2008 U.S. Dist. LEXIS 86286 (E.D. La. Oct. 24, 2008)(citations and quotation marks omitted). Thus, the Magistrate Judge's ruling is reviewed for abuse of discretion. *Id.*

After considering the arguments of the parties and the decision of the Magistrate Judge, in which he appropriately considered which party should be deposed first, the Court finds the Magistrate Judge did not abuse his discretion. Furthermore, the Court does not find any authority which would allow Robert to recover attorneys' fees under the circumstances.

Accordingly, **IT IS ORDERED**, that the Magistrate Judge's order requiring Robert's deposition to be taken first is **AFFIRMED**. Robert's request to deny the Territas' motion to quash and award Robert reasonable attorneys' fees **DENIED**.

New Orleans, Louisiana, this __10th__ day of December, 2013.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[8] *See* R. Doc. 227.

3