# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TINA TERRITA, ET AL.,**<br>      **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No. 11-1830** |
| **KEVIN A. OLIVER, ET AL.,**<br>      **Defendants** | **SECTION "E"** |

## ORDER AND REASONS

Before the Court is a Rule 59(e) Motion to Alter or Amend Judgment filed by defendants-in-intervention, Michael and Tina Territa (the "Territas").[1] Plaintiff-in-intervention, Michelle Robert ("Robert"), opposes the Territas' motion.[2] The Territas filed a reply in response to Robert's opposition.[3]

## BACKGROUND

The Territas began this suit in state court, claiming damages for personal injuries caused by various defendants arising out of an automobile accident. Robert represented the Territas. On July 28, 2011, the case was removed to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. After the case was removed, the Territas terminated Robert as their attorney and retained new counsel. On August 2, 2012, Robert filed an intervenor complaint against the Territas to recover attorneys' fees owed to her for

---

[1] R. Doc. 237.

[2] R. Doc. 242.

[3] R. Doc. 252.

1

representing the Territas.[4] The principal lawsuit between the Territas and the original defendants then settled, leaving only Robert's claim in intervention against the Territas.

The Territas filed a motion to dismiss Robert's claims against them for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).[5] On October 7, 2013, the Court denied the Territas' motion, finding it had supplemental jurisdiction over Robert's claim.[6] The Territas filed a Motion to Declare the October 7 Order immediately appealable under 28 U.S.C. § 1292(b).[7] On November 5, 2013, the Court exercised its discretion to deny the Territas' motion, concluding the October 7 Order was consistent with Fifth Circuit jurisprudence.[8] The Territas now move under Rule 59(e) to alter or amend the November 5 Order denying their Motion to Declare the October 7 Order immediately appealable.

## LAW AND ANALYSIS

"A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citations and internal quotations omitted). In deciding motions under Rule 59(e), the Court considers the following:

---

[4]R. Doc. 44.

[5]R. Doc. 173.

[6]R. Doc. 225.

[7]R. Doc. 229.

[8]R. Doc. 232.

(1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;

(2) whether the movant presents new evidence;

(3) whether the motion is necessary in order to prevent manifest injustice; and

(4) whether the motion is justified by an intervening change in the controlling law.

*Castrillo*, 2010 WL 1424398, at *4. "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *SPE FO Holdings, LLC v. Retif Oil & Fuel, LLC*, No. 07-3779, 2008 WL 3285907, at *3 (E.D. La. Aug. 6, 2008). "A district court has considerable discretion to grant or deny a motion for new trial under Rule 59." *Kelly v. Bayou Fleet, Inc.*, No. 06-6871, 2007 WL 3275200, at *1 (E.D. La. Nov. 6, 2007).

The Territas have not demonstrated the Court committed legal error on November 5th by denying their request to certify the October 7 Order as immediately appealable. In its November 5 Order, the Court applied the correct legal standard and considered the appropriate factors under 28 U.S.C. § 1292(b). The decision to certify an order as immediately appealable is within the court's discretion. *See In re Air Crash Disaster Near New Orleans, La.* 821 F.2d 1147 (5th Cir. 1987).

The Territas' motion is a transparent attempt to relitigate matters already resolved in this Court's November 5 Order. The Territas' present motion simply rehashes their request that the Court certify the October 7 Order as immediately appealable and demands this Court reach a different result. The Court declines to do so.

Accordingly, **IT IS ORDERED** that the Territas' Motion to Alter or Amend Judgment be and hereby is **DENIED**.

**New Orleans, Louisiana, this \_\_31st\_\_ day of December, 2013.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**