## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TINA TERRITA, ET AL.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No. 11-1830** |
| **KEVIN A. OLIVER, ET AL.,**<br>    **Defendants** | **SECTION "E"** |

### ORDER AND REASONS

Before the Court is plaintiff-in-intervention, Michelle Robert's ("Robert") Motion to Strike Jury Demand.[1] Defendants-in-intervention, Michael and Tina Territa (the "Territas"), oppose Robert's motion.[2] Robert filed a reply in response to the Territas' opposition.[3]

### BACKGROUND

The Territas commenced this suit in state court, claiming damages arising out of an automobile accident against various defendants.[4] Robert was the Territas' attorney. The case was removed to this Court on July 28, 2011. The Court entered a Scheduling Order on February 17, 2012 reflecting a jury trial demand.[5] Defendant Environmental Restoration, LLC requested a jury in its Notice of Removal,[6] and defendants Kevin Oliver and American

---

[1]R. Doc. 240.

[2]R. Doc. 246.

[3]R. Doc. 253.

[4]The original defendants were Kevin Oliver, Environmental Restoration LLC, Commerce and Industry Insurance Company, American International Insurance, and Allstate Insurance.

[5]R. Doc. 21.

[6]R. Doc. 1.

International Insurance requested a jury in their answers.[7]

Thereafter, the Territas terminated Robert as their counsel on July 23, 2012. On August 2, 2012, Robert filed a complaint in intervention seeking to recover attorneys' fees owed to her for representing the Territas.[8]

The lawsuit between the Territas and the original defendants settled on May 24, 2013.[9] The Territas filed an answer to Robert's complaint in intervention on May 30, 2013 but did not include a jury demand.[10] On August 15, 2013, Robert filed an amended complaint in intervention.[11] The Territas answered Robert's amended complaint in intervention on November 20, 2013, and this time requested a trial by jury.[12]

After denying the Territas' motion to dismiss Robert's claim in intervention for lack of subject matter jurisdiction on October 7, 2013,[13] the Court entered a Scheduling Order on November 18, 2013 for trial on Robert's claim for attorneys' fees.[14] The Territas had begun including the phrase "Jury Trial Requested" in the caption of their pleadings on

---

[7]R. Doc. 19; R. Doc. 46.

[8]R. Doc. 44. Robert claims she has a contingency fee agreement with the Territas, and she is owed a portion of any amount recovered by the Territas in the original lawsuit.

[9]R. Doc. 167.

[10]R. Doc. 168.

[11]R. Doc. 190. Robert sought leave to file an amended complaint in intervention to allege the facts supporting jurisdiction over the claims against the original defendants, thereby establishing the basis of supplemental jurisdiction over her claim in intervention.

[12]R. Doc. 243.

[13]R. Doc. 225.

[14]R. Doc. 238.

August 15, 2013,[15] but Robert contested the timeliness of their request. The Scheduling Order required Robert to file a motion to strike the jury demand by December 3, 2013.[16]

Robert now moves to strike the jury demand by the Territas.[17] Robert argues the Territas waived their right to a jury trial because their jury demand was untimely.[18] The Territas assert their jury demand was timely, and alternatively, the Territas request this Court to order a trial by jury in its own discretion under Federal Rule of Civil Procedure 39(b).[19]

## LAW AND ANALYSIS

### a. Timeliness of Jury Demand Under Rule 38(b)

Federal Rule of Civil Procedure 38, which governs jury demands, states in pertinent part:

> (b) Demand. On any issue triable of right by a jury, a party may demand a jury trial by (1) serving the other parties with a written demand - which may be included in a pleading - no later than 14 days after the last pleading directed to the issue is served.
>
> ...
>
> (d) Waiver; Withdrawal. A party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdraw only if the parties consent.

Fed. R. Civ. P. 38(b), (d).

---

[15] *See e.g.* R. Doc. 187; R. Doc. 192; R. Doc. 196.

[16] R. Doc. 238, p. 1.

[17] R. Doc. 240.

[18] R. Doc. 240.

[19] R. Doc. 246.

The suit between the Territas and the original defendants was set for a jury trial because timely jury demands had been made by the defendants. Defendant Environmental Restoration, LLC requested a jury trial in its Notice of Removal,[20] and defendants Kevin Oliver and American International Insurance requested a jury trial in their answers.[21] However, after the original case settled, the Territas answered Robert's complaint in intervention without requesting a jury trial.[22] The Territas also failed to file and serve a separate written demand requesting a trial by jury within 14 days of their answer as required by Rule 38(b). The Territas did not request a jury until they answered Robert's amended complaint in intervention on November 20, 2013.[23]

The Territas argue they are entitled to rely on the jury demands made by the original defendants before they settled with the Territas.[24] Generally, "once a party files a jury demand other parties are entitled to rely on that demand for the issues it covers, and need not filed their own demand. *See Cal. Scents v. Surco Prods.*, 406 F.3d 1102, 1108-1109 (9th Cir. 2005) (citing *Fuller v. City of Oakland*, 47 F.3d 1522, 1531 (9th Cir. 1995). Whether or not reliance upon another party's jury demand is effective depends upon whether a jury trial is requested on issues beyond those encompassed by the demand for which a timely request was made. *Cal. Scents*, 406 F.3d at 1108-1109.

Although three defendants requested a jury in the original lawsuit, Robert's claim

---

[20]R. Doc. 1.

[21]R. Doc. 19; R. Doc. 46.

[22]R. Doc. 168.

[23]R. Doc. 243.

[24]R. Doc. 246, p. 5.

for attorneys' fees presents vastly different issues than those issues raised in the original personal injury suit. Robert's entitlement to attorneys' fees involves factual and legal issues wholly unrelated to the original defendants' tort liability to the Territas for personal injuries suffered in the automobile accident. The Territas cannot rely upon the jury demands made by the original defendants.

The Territas alternatively argue their own jury demand made in their answer to the amended complaint in intervention was timely. They assert their November 20, 2013 answer to the amended complaint, which included a jury demand, was the "last pleading directed to the issue," and therefore the jury demand was timely under Rule 38(b).[25] The last pleading in Rule 38 usually refers to an answer or reply to a counterclaim. *See McCarthy v. Bronson*, 906 F.2d 835, 840 (2d Cir. 1990). Thus, a jury demand made in an answer is timely even if the answer is filed over 14 days after being served with the complaint. *In Re Tex. Gen. Petroleum Corp.*, 52 F.3d 1330, 1339 (5th Cir. 1995).

As Robert notes in her motion, however, amended pleadings do not extend the time to make a jury demand, except as to new issues which are raised for the first time by the amended pleadings. *Richardson v. Henry*, 902 F.2d 414, 416 (5th Cir. 1990). Robert's amended complaint did not raise any new issues with respect to her claim in intervention. Although Robert added defendants, the addition of parties does not revive the right to demand a jury trial unless the new parties change the claims or nature of relief sought.[26] *See LaMarca v. Turner*, 995 F.2d 1526, 1545-46 (11th Cir. 1993). Robert's amended complaint

---

[25]R. Doc. 246, p. 4.

[26]Robert added the original defendants to her amended complaint in intervention to clarify the jurisdictional grounds for her claim in intervention. *See* R. Doc. 190.

in intervention contains the exact same claims as her original complaint in intervention. Thus, the "last pleading" directed to the issue was the Territas' answer to Robert's complaint in intervention. The Territas' answered Robert's original complaint in intervention on May 30, 2013 and did not demand a jury in the answer, nor did the Territas make a separate written demand for a jury within fourteen days thereafter as required under Rule 38. The Territas have not made a timely request for a jury trial under Rule 38.

### b. Court's Discretion under Rule 39(b)

In the alternative, the Territas' ask this Court to order a jury trial in its discretion under Federal Rule of Civil Procedure 39(b), which provides: "[i]ssues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). There is no question Robert's claim in intervention may be tried by a jury and would have been if a timely demand had been made.[27]

Rule 39(b) states a party must file a motion to request a jury trial if it is otherwise waived. The Territas did not file such a motion. However, Courts have read Rule 39(b) to treat an untimely filing of a jury demand as a "motion." *See Alvarado v. Santana-Lopez*, 101 F.R.D. 367, 368 (S.D.N.Y. 1984); *Golden Nugget, Inc. v. Chesapeake Bay Fishing Co.*, 232 F. Supp. 2d 631, 635 (E.D. Va. 2002); *Swofford v. B & W, Inc.*, 336 F.2d 406, 409 (5th Cir. 1964); *Merritt v. Faulkner* 697 F.2d 761 (7th Cir. 1983); *United States Fidelity & Guar.*

---

[27]Robert argues her claim for attorneys' fees is not an issue triable by a jury. The Fifth Circuit holds there is no Seventh Amendment *guarantee* to a trial by a jury on the issue of attorneys' fees because there is no common law right to recover attorneys' fees. *See Resolution Trust Corp. v. Marshall*, 939 F.2d 274, 279 (5th Cir. 1991); *Empire State Ins. Co. v. Chafetz*, 302 F.2d 828 (5th Cir. 1962). Although there is no absolute right to have a jury determine the amount of attorneys' fees, the Fifth Circuit has held a jury as trier of fact *may* determine the award of and amount of attorneys' fees. *See, e.g., Toren v. Braniff, Inc.*, 893 F.2d 763, 767 (5th Cir. 1990); *Farmland Indus. Inc. v. Andrews Transport Co.*, 888 F.2d 1066, 1067 (5th Cir. 1989).

*Co. v. Lembke*, 328 F.2d 569, 573 (10th Cir. 1964). The Court will treat the untimely jury demand in the Territas' answer to Robert's amended complaint in intervention as a motion for a jury trial under Rule 39(b).

Rule 39 grants the district court discretion to relieve a party from waiver of a jury trial under Rule 38. *Swofford v. B & W*, 336 F.2d at 408. "When the discretion of the court is invoked under Rule 39(b), the court should grant a jury trial in the absence of strong and compelling reasons to the contrary." *Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990) (citing *Swofford v. B & W*, Inc., 336 F.2d at 409). "A motion for trial by jury under this rule 'should be favorably received unless there are persuasive reasons to deny it.'" *Id.* (citing *United States v. Unum*, 658 F.2d 300, 303 (5th Cir. 1981). There are five factors district courts should consider in exercising their discretion under Rule 39(b):

1.   whether the case involves issues which are best tried to a jury;

2.   whether granting the motion would result in a disruption of the court's schedule or that of an adverse party;

3.   the degree of prejudice to the adverse party;

4.   the length of delay in having requested a jury trial; and

5.   the reason for the movant's tardiness in requesting a jury trial.

*Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d at 1064 (citing *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983).

Applying these considerations to the case at bar, the Court concludes it should exercise its discretion in favor of granting the Territas' jury trial request. This is a contract dispute over whether or not Robert is owed compensation for representing the Territas, and

7

if so, the amount Robert is due under the contingency fee agreement. In considering the first factor, the Court finds the issues are well within the understanding of a jury and there are no issues that would have to be tried by the Court. The first factor weighs in favor of granting the Territas' request for a jury trial.

With respect to the second factor, granting the jury trial request will not disrupt this Court's, nor Robert's, schedule. The second factor weighs in favor of granting the Territas' request for a jury trial.

With respect to the third factor, trying the case to a jury will not prejudice Robert. The trial is not scheduled until July 28, 2014, providing Robert with ample time to prepare. The third factor weighs in favor granting the Territas' request for a jury trial.

With respect to the fourth factor, the Territas' jury demand should have been made on May 30, 2013, in their answer to the original complaint in intervention. The Territas made their jury demand over five months later, on November 20, 2013. This lengthy delay does not support granting the Territas' request for a jury trial.

With respect to the fifth factor, the Territas' maintain their delay was brought on by their reliance on the prior jury demands filed by the original defendants. Generally, a litigant's "mere inadvertence" in failing to make a timely jury demand is insufficient to invoke a court's power to order a jury trial under Rule 39(b). *See Bush v. Allstate Insurance Co.*, 425 F.2d 393, 396 (5th Cir. 1970); *Fredieu v. Rowan Companies, Inc.*, 738 F.2d 651, 654 (5th Cir. 1984).   Although the Territas' reliance on previous jury demands was unjustified, the Court finds the Territas' delay is somewhat understandable given the case was previously set to be tried to a jury. Accordingly, this factor weighs neither strongly in favor of nor against granting the Territas' request for a jury trial.

8

Having considered the above factors, the Court does not find "strong and compelling reasons" to deny the Territas' request for a jury. *Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d at 1064. There is no reason to deny an untimely jury demand when it does not disrupt the Court's schedule, the parties' preparation, or cause prejudice to the parties. *See Cox v. C.H. Masland & Sons, Inc.*, 607 F.2d 138, 144 (5th Cir. 1979).  It is therefore appropriate to try Robert's claim in intervention against the Territas to a jury.

Accordingly, **IT IS ORDERED** that Robert's Motion to Strike Jury Demand be and hereby is **DENIED**. Robert's claim against the Territas will be tried to a jury. The Court will issue a Supplemental Scheduling Order in accordance with this order.

**New Orleans, Louisiana, this** <u>2nd</u> **day of January, 2014.**


_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**