**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**TINA TERRITA, ET AL.**                                   **CIVIL ACTION**

**VERSUS**                                                 **NO. 11-1830**

**KEVIN A. OLIVER, ET AL.**                                **SECTION  "E" (3)**

**ORDER**

On April 2, 2014, the Motion on Behalf of Defendants-in-Intervention Tina Territa and Michael Territa for Clarification of Court Order (Doc. No. 285), or, Alternatively for Reconsideration and Amendment of Order [Doc. #287] came on for oral hearing before the undersigned.  Present were Leonard Levenson on behalf of defendants-in-intervention and Pamela Ashman on behalf of intervenor Michelle Robert.  After the oral hearing, the Court took the motion under advisement.

**I.      Background**

This was a personal-injury lawsuit, originally filed in state court and removed to this Court by defendants.  Counsel for plaintiffs at that time was Michelle Robert.  Because of Robert's alleged ineffectiveness, plaintiffs terminated her and hired current counsel.  Robert filed a motion to intervene to recover her fees, which this Court granted.

On May 24, 2013, the District Court dismissed this lawsuit as plaintiffs had settled with all

defendants.  The only remaining claim is thus Robert's claim-in-intervention for her attorney's fees.

## II.     The Parties' Contentions

### A.     Defendants-In- Intervention

Defendants-in-Intervention ("DI") seek clarification with regard to this Court's Order that requires the production of all contracts between current counsel and DI (RFP No. 11) and the production of any fee-split contracts among current counsel that relates to the claim of Michael Territa (RFP No. 12).  In the Court's Order dated March 21, 2014, this Court held:

> RFP No. 11 seeks all contracts between DI and any attorney. The Court finds that this request is reasonably calculated to lead to the discovery of admissible evidence in part. Any contract between current counsel for DI and Michael Territa is discoverable.
> RFP No.12 seeks any fee-split contract among any of DI's attorneys. The Court also finds that this request is reasonably calculated to lead to the discovery of admissible evidence in part. Any contract between current counsel for DI and that relates to the claim of Michael Territa is discoverable.

[Doc. #285 at p. 3].

DI contend that they have produced to Robert redacted copies of each and every contract between them and counsel.  DI also note that they have produced a redacted copy of the association letter in which they consented to the association of Levenson as co-counsel.  DI thus argue that they have complied with RFP No. 11.  DI maintain that the redacted portions are irrelevant because only those portions that relate to fees are relevant.

DI also contend that the production of the redacted association letter satisfies RFP No. 12. The association letter does not discuss fees.

### B.     Robert's Opposition

Citing case law from this Court, Robert argues that courts generally recognize a motion as one for clarification when it seeks to rectify only computational or clerical mistakes.  Robert

2

contends that DI have failed to meet any of the standards for reconsideration under Rule 59.  And with regard to RFP No. 12, Robert notes that DI merely argue that manifest injustice may occur if the contents of the association letter are "leaked."

At co-counsel Allison Nestor's deposition, Levenson objected to any question related to the amount of the contingency fee based on privilege.  Robert argues that there may be terms and conditions in the contracts that affect the amount of the fee such as medical bills, etc.  Robert also maintains that she has no idea what amount of the settlement was apportioned to Tina Territa.

### C.    DI's Reply

Approximately fifty minutes before Robert filed her opposition,[1] DI produced the unredacted settlement checks to both DI along with an additional copy of the final settlement accounting.  DI maintain that the only reason that they produced three contracts was because not all parties signed the first two.  DI thus contend that the third contract dated August 1, 2012 is the only formal agreement signed by all parties.

DI further contend that Robert's argument that other provisions may affect the amount of attorneys' fees is a red herring.

### III.    Law and Analysis

Subsequent to the oral hearing, DI produced to Robert the unredacted retainer agreement between them and current counsel.  The motion is thus moot as to that document.  The only remaining dispute is whether Robert is entitled to the association letter that DI signed in which they approved and accepted the association of Leonard Levenson with their current counsel, Allison Nestor and Renee Swanson.

---

[1]    Yes, the discovery disputes in this matter have been relegated to minutes.

Information such as contingency fee contracts, hourly rates, hours spent by attorneys working on this litigation, attorney's fees charged and costs incurred are not "confidential communications" and are therefore not privileged. "[I]nvoices are not protected from discovery by the attorney-client privilege. . . . The invoices themselves are merely a byproduct of the fact of the representation [and] are not protected by any of the asserted privileges or [the work product doctrine]. . . ." *Stonehenge/FASA Tex., JDC, L.P. v. Miller*, No. 94-CV-00912-G, 1998 WL 826880, at *1 (N.D. Tex. 1998) (citing *United States v. Davis*, 636 F.2d 1028, 1044 (5th Cir. 1981); *In re Grand Jury Proceedings*, 517 F.2d 666, 671 (5th Cir. 1975)).

Notwithstanding the above-cited case law, the Court notes that a document must also itself be reasonably calculated to lead to the discovery of admissible evidence and relevant.  The Court has reviewed the Levenson association letter and finds that it is not reasonably calculated to lead to the discovery of admissible evidence.   The Court finds no reason why the apportionment between DI's current counsel is relevant to her claims given that the contingency fee in the contract between current counsel and DI – one-third as conceded under penalty of sanctions in open court – is the same percentage as that sought in the contract with Robert.

Robert cites *Guillot v. Daimlerchrysler Corp.* 113 So.3d 507 (La. Ct. App. 2013), as support for her argument.[2]  There, the plaintiffs in the underlying lawsuit signed a contingency fee contract with their first counsel which provided a 50% contingency fee if the lawsuit were appealed.  *See id.* at 512.  Before the appeal, the plaintiff fired their first counsel and hired new counsel.  *See id.* at 509.  An attorneys-fee dispute thus arose.

On appeal in the attorneys'-fee dispute, former counsel argued that the percentage of

---

[2]     Louisiana law governs this intervention grounded in diversity jurisdiction.

attorneys fees to be apportioned between them and current counsel was "the highest ethical contingency percentage to which the Plaintiffs agreed in th[e] case," which "was the 50% contingency fee, which Plaintiffs agreed to assign to [former counsel] if the case was appealed." *Id.* at 512.  Current counsel argued that the 50% contingency fee was inapplicable because former counsel was not involved in the appeal.  *Id.*  The court rejected this argument, noting that

> [u]nder *Saucier*, *supra*, the amount of the fee to be paid by the client is to be determined according to the highest ethical contingency percentage to which the client contractually agreed in ***any*** of the contingency fee contracts that he executed. In this case, that percentage is 50%.

*Id.* (emphasis added).

*Guillot* provides no support for Robert here, because, as the Court has noted, the contingency fee in the contract between current counsel and DI is the same percentage as that sought in the contract with Robert.  *Guillot* did not address the apportionment of fees between current counsel as it relates to the overall contingency-fee percentage of current counsel and former counsel.  That information is irrelevant here and not reasonably calculated to lead to the discovery of admissible evidence.  To coin the phrase of a famous bard, Robert makes much ado about nothing here.

## IV.    Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion on Behalf of Defendants-in-Intervention Tina Territa and Michael Territa for Clarification of Court Order (Doc. No. 285), or, Alternatively for Reconsideration and Amendment of Order [Doc. #287] is DISMISSED AS MOOT IN PART and GRANTED IN PART as outlined above.

In accordance with this Court's earlier order, **IT IS FURTHER ORDERED** that DI be awarded $965.25 in attorneys' fees.

New Orleans, Louisiana, this 1st day of May, 2014.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**